UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS,<br><br>Plaintiff,<br><br>v.<br><br>GLADDEN BRUCE, et al.,<br><br>Defendants. | No.  2:23-cv-2964 CKD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1 	The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court has reviewed plaintiff's complaint and finds that it must be dismissed.  However, plaintiff will be granted leave to amend.

	Plaintiff's complaint is 29 pages with small font and spacing.  If normal font and spacing were used, the complaint would exceed 50 pages.    Much of the information provided is immaterial as to whether plaintiff can state a claim upon which he might proceed.  As such, the complaint violates Rule 8 of the Federal Rules of Civil Procedure which requires that a complaint be "short" and "plain."  If plaintiff chooses to file an amended complaint, it cannot exceed 20 pages, with normal font and spacing.

	Also, plaintiff identifies numerous claims and defendants. Under Rule 20 of the Federal Rules of Civil Procedure, plaintiff cannot bring unrelated claims against different defendants.  Simply put, plaintiff cannot join claims against defendant B that have nothing to do with those brought against defendant A.  Claims cannot be joined simply because the claims both arose in a California Department of Corrections and Rehabilitation facility.

	Additionally, plaintiff asserts claims which arose within the jurisdiction of other federal courts.  For example, claims arising at Salinas Valley State Prison are within the jurisdiction of the U.S. District Court for the Northern District of California.  Generally speaking, claims arising in other districts must be presented in those districts.

	Finally, plaintiff is informed that the limitations period applicable to 42 U.S.C. § 1983 claims arising in California is two years.  Cal. Code Civ. Proc. § 335.1.

	If he chooses to file an amended complaint, plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff is also informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading.

The court notes that plaintiff has two motions for preliminary injunctive relief pending. Because plaintiff's underlying pleading is being dismissed, those motions will be denied without prejudice to refiling with plaintiff's amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint," and must not exceed 20 pages, with normal font and spacing. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. Plaintiff's motions for preliminary injunctive relief (ECF Nos. 8 & 10) are denied without prejudice to refiling with plaintiff's amended complaint.

Dated: May 3, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1

gall2964.14